UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| MARIA ELENA FERNANDEZ, | : | |
| Plaintiff, | : | OPINION AND ORDER |
| -against- | : | |
| | | 15 Civ. 4500 (GWG) |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

-----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiff Maria Elena Fernandez brings this action pro se pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security denying her claims for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).[1] For the reasons stated below, the Commissioner's motion is granted.

I. BACKGROUND

    A. Fernandez's Claim for Benefits and Procedural History

Fernandez filed her initial claim for benefits on January 31, 2013. See SSA Administrative Record, filed Dec. 21, 2015 (Docket # 13) ("R.") at 54, 74, 294. Her application was completed on March 5, 2013. R. 136. She claimed a disability onset date of January 27, 2013. See, e.g., R. 187. Her application for benefits was denied on May 17, 2013. R. 77-82.

---

[1] See Notice of Motion, filed Dec. 21, 2015 (Docket # 10); Memorandum of Law in Support of the Commissioner's Motion for Judgment on the Pleadings, filed Dec. 21, 2015 (Docket # 11) ("D. Mem."); Affirmation in Opposition to Motion, filed Feb. 11, 2016 (Docket # 17) ("P. Opp."); Reply Memorandum of Law in Support of the Commissioner's Motion for Judgment on the Pleadings, filed Mar. 1, 2016 (Docket # 18) ("D. Reply").

Fernandez requested a hearing before an Administrative Law Judge ("ALJ"), which was held on January 9, 2014. R. 42-53 (hearing transcript), 83 (request for hearing). The ALJ issued a decision denying Fernandez's claim on March 14, 2014. R. 32-35. The Appeals Council denied Fernandez's request for review on May 5, 2015. R. 1. Fernandez filed her complaint in the present action on June 1, 2015. See Complaint, filed June 1, 2015 (Docket # 2), at 3.

      B.  Record Evidence of Fernandez's Employment

Fernandez completed a Work History Report in March 2013 in connection with her benefits application. R. 178-85. In that report, she stated that she had worked as a "[s]chool [b]us [e]scort" from January 2007 until March of 2013, the month she completed the report. R. 178. She reported her pay as $12.65 an hour. R. 179. She wrote that she worked eight hours a day, five days per week. Id. Before her school bus escort job, Fernandez wrote that she was a "[f]actory worker," from "1998 to 2006?" R. 180. She reported earning $7.00 an hour at this job, working seven hours a day, five days a week. Id.

A Disability Report, R. 186-93, contains a statement from Fernandez that she stopped working "[b]ecause of her condition(s)" on January 27, 2013. R. 187. However, on the same form, she reported working until March 5, 2013, earning $310.00 a week as a school bus escort. R. 188. She also indicated that she had held only one job in the fifteen years before she became unable to work. See id.

Fernandez also provided information for a "Function Report - Adult." R. 166 (capitalization omitted). In that document, completed on March 18, 2013, R. 176, Fernandez wrote that she "can't work," R. 167, and that her pain first began affecting her activities on January 29, 2013, R. 174.

Certified earnings records submitted to the Social Security Agency indicated that

Fernandez earned $8,746.76 in 2009, $15,017.16 in 2010, $20,370.23 in 2011, and $21,965.96 in 2012.  R. 161.

    C.  <u>The Hearing Before the ALJ</u>

Fernandez appeared before ALJ Paul Heyman on January 9, 2014.  R. 44.  Fernandez appeared without representation and testified through a Spanish interpreter.  <u>Id.</u>

At the hearing, the ALJ asked Fernandez, "[a]re you working now?"  R. 46.  She replied, "Yes . . . I was five months on disability from the union . . . I had to go and work with school bus."  <u>Id.</u>  She stated that she started that work on September 26, 2013.  <u>Id.</u>  The ALJ asked her, "[a]re you still doing it?"  Fernandez replied, "Yes.  I had to, because they denied food stamp.  They denied me welfare, everything."  <u>Id.</u>

Fernandez described her job as "get[ting] the children and put[ting] them in their seats" on the bus.  <u>Id.</u>  She stated that she worked "Monday through Friday, 8:00 . . . until 2:00."  <u>Id.</u>  She also asserted that she worked "[f]orty hours" a week, but that "[t]hey're going to put it down to 32."  R. 47.  She reported that she was paid "$365 a week."  <u>Id.</u>

The ALJ cautioned, "I have to tell you that, that the first question we determine in ascertaining eligibility for disability is whether you're working," to which Fernandez responded, "I won't work any more, as soon as I get the benefits."  <u>Id.</u>  She stated that she had "been in and out" of this job "depending on my medical condition," <u>id.</u>, and that "[w]hen I'm sick, I get" SSI benefits, "and when I'm okay, I go back to work.  It's been on and off," R. 48.

The ALJ reviewed Fernandez's history with SSI benefits, stating that she had "$21,900 in . . . earned income in 2012" and in "2011, you had $20,000 income; 2010, $12,600; 2009, you had $8,700.  Okay, right off hand, I don't know what the SSI history is, but it appears you have significant income from the last couple of [sic] three years."  <u>Id.</u>  The ALJ also "ascertain[ed]

3

that [Fernandez] was receiving SSI, and apparently, the payments were stopped because they found out [she] was working, and they charged [her] for overpayment." R. 50. Fernandez testified that she had been overpaid "about $13,000" in SSI benefits in the past, and still had to pay back about $12,000. R. 51. She was on a payment plan of "$20 a month" to pay back the debt. R. 50.

The ALJ and Fernandez reviewed Fernandez's medical problems, including "[t]he L4/L5 . . . hernia." R. 49. Fernandez said that she was due to have surgery on her right knee and right shoulder. See id. She also described being "very nervous, a lot of depression, anxiety," and her "neck, it's hard . . . to move it." Id. She noted that she took pain medication, id., and "a new medication for my nerves and to sleep." R. 50.

The ALJ concluded the hearing by stating, "[t]he bottom line that I'm dealing with here, I think, is, is that you're currently employed." R. 52. Fernandez replied, "[b]ecause they deny everything. The welfare doesn't want to help me . . . I'd be in the street if I don't work. I was working just waiting to see for . . . this hearing." Id.

D. The ALJ's Decision

In his written decision, the ALJ found that Fernandez "meets the insured status requirements of the Social Security Act through June 30, 2017." R. 34. The ALJ found, however, that Fernandez "ha[d] engaged in substantial gainful activity at all times relevant to this decision." Id. (citations omitted). He noted that Fernandez "testified at the hearing that she has been working as a children's school bus escort since September 2013" and that records of Fernandez's "earnings confirm that she earned $15,487 in 2010, $20,370.23 in 2011, and $21,965.92 in 2012." Id. (citation omitted). The ALJ concluded that "[t]here ha[d] been no continuous 12-month period during which the claimant ha[d] not engaged in substantial gainful

activity," and thus, that Fernandez had "not been under a disability, as defined in the Social Security Act, from January 27, 2013, through the date of this decision." R. 35 (citations omitted).

In upholding the ALJ's decision, the Appeals Council noted that Fernandez had submitted "new information about [her] medical impairments" but found that it "does not affect your work activity and earnings at the time of the hearing decision. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 14, 2014." R. 2.

## II. APPLICABLE LAW

### A. Scope of Judicial Review Under 42 U.S.C. §§ 405(g) and 1383(c)

A court reviewing a final decision by the Commissioner "is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (citation and quotation marks omitted); accord Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); id. § 1383(c)(3) ("The final determination of the Commissioner of Social Security . . . shall be subject to judicial review as provided in section 405(g) . . . ."). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); accord Burgess, 537 F.3d at 127-28; Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

"Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are

activity," and thus, that Fernandez had "not been under a disability, as defined in the Social Security Act, from January 27, 2013, through the date of this decision." R. 35 (citations omitted).

In upholding the ALJ's decision, the Appeals Council noted that Fernandez had submitted "new information about [her] medical impairments" but found that it "does not affect your work activity and earnings at the time of the hearing decision. Therefore, it does not affect the decision about whether you were disabled beginning on or before March 14, 2014." R. 2.

## II. APPLICABLE LAW

### A. Scope of Judicial Review Under 42 U.S.C. §§ 405(g) and 1383(c)

A court reviewing a final decision by the Commissioner "is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (citation and quotation marks omitted); accord Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); id. § 1383(c)(3) ("The final determination of the Commissioner of Social Security . . . shall be subject to judicial review as provided in section 405(g) . . . ."). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); accord Burgess, 537 F.3d at 127-28; Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

"Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are

supported by substantial evidence." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (per curiam) (citation and internal quotation marks omitted).  Thus, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." Johnson v. Astrue, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008) (citing Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990)); accord McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.") (citation omitted).  The Second Circuit has characterized the "substantial evidence" standard as "a very deferential standard of review — even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted).  "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would have to conclude otherwise." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted).  "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." Johnson, 563 F. Supp. 2d at 454 (citation and internal quotation marks omitted).

 B. <u>Standard Governing Evaluation of Disability Claims by the Agency</u>

  The Social Security Act defines the term "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord id. § 1382c(a)(3)(A).  A person will be found to be disabled only if it is determined that his "impairment or impairments are of such severity that he is not only unable to do his previous

work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Regulations issued pursuant to the Social Security Act set forth a five-step process that the Commissioner must use in evaluating a disability claim. See 20 C.F.R. § 404.1520(a)(4); see also Burgess, 537 F.3d at 120 (describing the five-step process). At the first step of this process, the Commissioner must determine whether the claimant is currently engaged in any "substantial gainful activity" ("SGA"). 20 C.F.R. § 404.1520(a)(4)(I). If she is engaged in such activity, she is ineligible for benefits. See 20 C.F.R. § 404.1520(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience."). The claimant bears the burden of proof as to this issue. See Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam).

III. DISCUSSION

The Commissioner argues that substantial evidence supports the ALJ's finding that Fernandez was engaged in SGA, and was therefore not entitled to benefits. D. Mem. at 3; see also D. Reply at 1. Fernandez did not address this contention in her opposition to the Commissioner's motion. Instead, she submitted medical documents relating to a surgery scheduled for June 2015, P. Opp. at 2,[2] and a medical report summarizing her diagnoses and prescriptions, id. at 3-6.

As we have noted, the relevant regulations do not allow anyone engaged in "substantial

---

[2] We use the page numbers assigned by the ECF system.

gainful activity" to receive benefits.  See 20 C.F.R. § 404.1520(b).  They provide that the Commissioner "will use [a claimant's] earnings to determine whether [she has] done substantial gainful activity unless [the ALJ] has information from [her], [her] employer, or others that shows that [the ALJ] should not count all of [her] earnings."  20 C.F.R. § 404.1574(a)(1).  The regulations provide that the ALJ will find that a claimant engaged in SGA if her earnings "average more than the larger of . . . [t]he amount for the previous year, or . . . [a]n amount adjusted for national wage growth," calculated by a set formula.  20 C.F.R. § 404.1574(b)(2)(ii)(A-B) (the "SGA Amount").

The SGA Amount for a non-blind individual in 2013, when Fernandez originally filed her claim, was $1,040 a month.  Substantial Gainful Activity, Soc. Sec. Admin., https://www.ssa.gov/oact/cola/sga.html (last visited June 6, 2016); see also, e.g., Prestia v. Colvin, 2015 WL 1417738, at *7 n.4 (N.D.N.Y. Mar. 27, 2015) (relying on Social Security Administration website for this information); accord Nunez v. Astrue, 2013 WL 3753421, at *9 (S.D.N.Y. July 17, 2013); Daniel v. Astrue, 2012 WL 3537019, at *5 (E.D.N.Y. Aug. 14, 2012); Nowacki v. Astrue, 2010 WL 7864949, at *2 n.1 (D. Conn. July 19, 2010).  Fernandez's weekly income was $365.00 a week, as recited by the ALJ, R. 34, and attested to by Fernandez herself, R. 47.  This amounts to a monthly income of approximately $1,460.  Fernandez's March 18, 2013, report of $310 in weekly wages, R. 188, translates to a monthly income of approximately $1,240.  Thus, she was earning more than the SGA Amount.

Because Fernandez was earning more than the SGA Amount at the time she applied for benefits, there is a rebuttable presumption she engaged in substantial gainful activity.  See 20 C.F.R. § 416.974(b)(2) ("[E]arnings from your work activity as an employee . . . show that you have engaged in [SGA] if" they amount to more than the SGA Amount); accord id.

§ 404.1574(a)(1); Surgeon v. Comm'r of Soc. Sec., 190 Fed. App'x 37, 39 (2d Cir. 2006) (summary order); Campbell v. Astrue, 2015 WL 1650942, at *16 (E.D.N.Y. Apr. 13, 2015).  It is the claimant's burden to prove that her earnings did not result from SGA.  See 20 C.F.R. § 404.1574(a)(1); accord Byrd v. Astrue, 2013 WL 4459040, at *10 (E.D.N.Y. Aug. 16, 2013) ("The Plaintiff bears the burden of establishing that despite surpassing the established level of earnings, she was not engaged in substantial gainful activity.") (citation omitted).  Fernandez has never given a reason why her work as a school bus escort did not qualify as SGA.  Nor do we discern any such reason in the record.

As to the dates of performing such work, the ALJ relied on certified earnings records and the plaintiff's testimony to conclude that she had engaged in SGA after her alleged onset date. R. 34-35.  These forms of evidence constitute substantial evidence supporting this conclusion. Jaramillo v. Astrue, 2009 WL 4722251, at *4 (E.D.N.Y. Dec. 9, 2009) (substantial evidence supported the conclusion that claimant engaged in SGA after his alleged onset date where the "ALJ based his finding in part on plaintiff's testimony about his employment and his FICA earnings records.") (footnote omitted).

In sum, the ALJ's determination that Fernandez was engaging in SGA, and thus could not qualify as "disabled," was supported by substantial evidence.

IV.  CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Docket # 10) is granted.  The Clerk is requested to enter judgment dismissing the complaint and to close this case.

Dated: June 6, 2016
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to

Maria Elena Fernandez
2114 Haviland Avenue
Apt. 6C
Bronx, NY 10472

Counsel by ECF